UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00041-JHM

JEFFERY W. LITTLEPAGE                                              PLAINTIFF

VS.

WILLIAM DUKES, Jr, *Individual capacity*
and CITY OF PROVIDENCE, KENTUCKY                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

### Background

Before the Court is the motion of Defendant William Dukes, Jr. for a protective order, DN 34. Plaintiff Jeffery Littlepage has filed a response at DN 35 and Dukes has replied at DN 36.

### Nature of the Case

Defendant Dukes was employed as a police officer by the City of Providence. Littlepage alleges that Dukes assaulted him and otherwise used excessive force under color of law in violation of Littlepage's constitutional rights. He has also asserted claims under state law for assault and malicious prosecution. In addition to suing Dukes in his individual capacity, he has asserted an official-capacity claim against the City of Providence (DN 1).

Dukes was indicted by a grand jury of this judicial district and charged with two counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242 and one count of document falsification under 18 U.S.C. § 1519. (*see* United States v. William Dukes, Jr., No. 4:17-cr-00010-JHM-1 at DN 1). These charges relate to the events complained of in this civil action. Dukes was tried before a jury and convicted of one count of deprivation of rights under color of law and

acquitted of the two remaining charges (Id. at DN 50). Dukes has appealed his conviction, which is pending before the United States Court of Appeals for the Sixth Circuit (Id. at DN 79).

### Dukes' Motion

Included among requests for production Littlepage submitted to Dukes are requests for "copies of all statements . . . including but not limited to any Grand Jury . . ." and "copies of all reports prepared by any law enforcement agencies concerning the incident described in the Complaint, including the Federal Bureau of Investigation or United States Department of Justice . . ." (DN 34-2). Dukes moves for a protective order that he not be compelled to produce these documents.

As to the grand jury transcripts, Dukes contends that secrecy of grand jury proceedings is accorded strong protection. Dukes asserts that, under Fed. R. Crim. P. 6(e) a party seeking grand jury material must demonstrate that the material is needed to avoid possible prejudice in another judicial proceeding, the need for disclosure is greater than the need for continued secrecy and the request for production is structured to cover only that portion which is necessary. Dukes cites Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979) in support.

Applying this test, Dukes contends that Littlepage cannot demonstrate, other than as a matter of convenience, that the transcripts are necessary to avoid injustice in this action. Any information contained in the grand jury transcript, Dukes argues, is equally available through other discovery methods in this case. Dukes concludes that the need for disclosure does not outweigh the need for continued secrecy. Additionally, Dukes asserts that Littlepage's request for the entirety of grand jury material cannot be considered as structured to cover only the portion which may be necessary.

Turning to Littlepage's request for law enforcement reports, Dukes contends that the reports are subject to a qualified privilege afforded statements by informers to law enforcement agencies. Dukes cites <u>Cullen v. Margiotta</u>, 811 F.2d 698, 715 (6th Cir. 1987) for the proposition that a party seeking production of such reports must demonstrate that the information is both relevant and essential to presentation of the case on the merits and that need for disclosure outweighs the need for secrecy. Dukes states that Littlepage cannot demonstrate that the reports are essential because the information is available through other discovery means, such as witness interviews and depositions.

<u>Littlepage's Response</u>

Littlepage responds to Dukes motion regarding the grand jury transcript by attempting to rebut an argument which Dukes did not make. He discusses whether grand jury proceedings are privileged as a matter of Kentucky state law as set forth in a treatise on Kentucky jurisprudence and a state case dealing with privilege as a matter of public policy. *See* <u>Tabor v. Commonwealth</u>, 625 S.W.2d 571 (Ky. 1981). Dukes does not address federal precedent dealing with the specific topic of grand jury protection, other than to cite <u>In re Grand Jury Proceedings (Greenberg)</u>, (No Number in Original), 1982 U.S. Dist. LEXIS 18355 (D. Conn. June 25, 1982) for the proposition that Dukes does not have standing to object to the production of grand jury material. The quotation which Littlepage offers from that case is taken out of context. That case dealt with the question of whether a religion-based claim of parent-child privilege afforded a mother a right to refuse to testify against her daughter before the grand jury and bears no relevance to the question of whether Dukes has standing to oppose production of a grand jury transcript. The only criteria Littlepage appears to address for overcoming the presumptive secrecy of grand jury proceedings is the need

for disclosure versus the need for secrecy, in that he asserts the underlying criminal proceedings are now complete.

As to the issue of production of the law enforcement reports, Littlepage devotes three sentences to arguing, without citation to authority, that Dukes does not have standing to assert the privilege and his argument is "not covered by the law or circumstances of this action" (DN 35, p. 3).

Dukes' Reply

Dukes contends that Littlepage's Response failed to address the elements necessary to overcome the presumption of secrecy of grand jury proceedings. Dukes takes issue with Littlepage's assertion that the underlying criminal matter is concluded, noting that an appeal is still pending. Dukes also rejects Littlepage's argument that he lacks standing to oppose production of the grand jury proceedings, noting that Douglas Oil, *supra*, allowed an objection under similar circumstances. Dukes similarly argues that Littlepage has failed to satisfy the criteria for production of the law enforcement reports.

Discussion

Fed. R. Civ. P. 26(c) affords the Court with the discretion to limit the scope of discovery under certain circumstances. *See* Levitin v. Nationwide Mut. Ins. Co., No. 2:12-CV-34, 2012 U.S. Dist. LEXIS 177738, at *3 (S.D. Ohio Dec. 14, 2012). Specifically, the Court may issue a protective order "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" to prevent "annoyance, embarrassment, oppression, or undue burden or expense" where the movant has established "good cause" for such an order. Fed. R. Civ. P. 26(c)(1)(A) and (D); Levitin, 2012 U.S. Dist. LEXIS 177738, at *3; Nix v. Sword, 11 F. App'x 498, 500 (6th Cir. 2001). "To show good cause, a movant

4

for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." Nix, 11 F. App'x at 500 (internal quotation marks and citation omitted).

    A.  Grand Jury Transcript

In Macomb Interceptor Drain Drainage Dist. v. Inland Waters Pollution Control, Inc., No. 11-CV-13101, 2015 U.S. Dist. LEXIS 149306 (E.D. Mich. Nov. 4, 2015) the Eastern District of Michigan set forth a comprehensive summary of the legal issues associated with disclosure of grand jury proceedings:

> A prevailing concept our grand-jury system is that matters brought before the grand jury will be kept secret to protect the interests of the government, the public, and individual citizens:
>
>> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.
>
> Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 219, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979). Indeed, the concept of grand-jury secrecy is so vital to our justice system that "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." Id. at 222. That is, even if a grand jury has concluded its investigation, courts must consider that disclosure of grand-jury matters may impair future grand-jury investigations.
>
>> Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand

jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

Id.

This enduring standard of secrecy has been codified in the Federal Rules. *See, generally*, Fed.R.Crim.P. 6. A court may, however, "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). But any party seeking such disclosure must demonstrate a compelling need for disclosure that overcomes the general presumption in favor of secrecy. In re Grand Jury 89-4-72, 932 F.2d 481, 483 (6th Cir.1991). Specifically,

> parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

Douglas Oil Co., 441 U.S. at 222. Notably, though,

> [t]he fact that the grand jury documents are relevant or that production . . . would expedite civil discovery or reduce expenses for the parties is insufficient to show particularized need when the evidence can be obtained through ordinary discovery, i.e., subpoenaing the documents from other sources, or pursuing other routine avenues of investigation.

Fed. Deposit Ins. Corp. v. Ernst & Whitney, 921 F.2d 83, 86-87 (6th Cir. 1990) (citing Cullen v. Margiotta, 811 F.2d 698, 715 (2d Cir. 1987); United States v. Sells Engineering, 463 U.S. 418, 431, 103 S. Ct. 3133, 77 L. Ed. 2d 743 (1983)).

McComb, 2015 U.S. Dist. LEXIS 149306, at *5-8.

Consequently, the protection afforded grand jury proceedings arises from Federal Criminal Rule 6 and not, as Littlepage appears to believe, from privilege and his arguments in that regard

are therefore misdirected. Contrary to Littlepage's assertion that Dukes does not have standing to oppose the release of grand jury proceedings, "a proper party for bringing suit for injunctive relief is the target, because the target is the person whose interests Rule 6(e)(2)'s secrecy requirements were designed to protect." Blalock v. United States, 844 F.2d 1546, 1555 (11th Cir. 1988) (Tjoflat, J. specially concurring).[1]

Littlepage has failed to make any showing of a compelling need under Fed. R. Civ. P. 6 to override the requirement of grand jury secrecy and Dukes' motion for a protective order regarding the grand jury transcript is granted.

### B. Law Enforcement Agency Reports

Dukes advocates for the protection of law enforcement agency reports under a doctrine of qualified privilege for statements by informers given to law enforcement agencies set out in Roviaro v. United States, 353 U.S. 53 (1957). The government has the "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. This privilege, commonly known as the "informant's privilege," is applicable in both criminal and civil actions. Holman v. Cayce, 873 F.2d 944, 946 (6th Cir. 1989); Johnson v. Warden, Ross Corr. Inst., No. 2:17-CV-121, 2018 U.S. Dist. LEXIS 103331, at *6-7 (S.D. Ohio June 20, 2018). However, the privilege is one for the *government* to assert. Askew v. City of Memphis, No. 14-CV-2080-STA-tmp, 2015 U.S. Dist. LEXIS 180889, at *12 (W.D. Tenn. July 23, 2015) (*citing* Holman, 873 F.2d at 946). Moreover, "generally speaking, 'once the identity of the informer has been disclosed to those who would have cause to resent the communication' the privilege no longer applies." Johnson, 2018 U.S. Dist. LEXIS 103331, at *7 (*quoting* Roviaro, 353 U.S. at 60).

---

[1] Littlepage has also argued that the City of Providence lacks standing to oppose production of the grand jury proceedings, however only Dukes filed the motion.

7

Given that the government appears to have waived assertion of the privilege by providing copies of reports disclosing the identities of informants to Dukes, the subject of the investigation, and given that Dukes has no independent standing to assert the informant's privilege, the undersigned concludes that Dukes has failed to make a showing under Fed. R. Civ. P. 26(c) so as to be entitled to a protective order on production of law enforcement agency reports.

Order

**IT IS HEREBY ORDERED** that the motion of Defendant Dukes for a protective order (DN 34) is **GRANTED IN PART** and **DENIED IN PART**. Dukes is not required to provide grand jury transcripts in response to Plaintiff's discovery requests. Dukes is required to provide copies of law enforcement agency reports in response to Plaintiff's discovery requests.

Copies: Counsel