# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:17-CV-00041-JHM

**JEFFERY W. LITTLEPAGE**                                                                    **PLAINTIFF**

**VS.**

**WILLIAM DUKES, Jr,** *Individual capacity*
**and CITY OF PROVIDENCE, KENTUCKY**                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

### Background

Defendant City of Providence, Kentucky, has filed a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and 37(a)(5) (DN 40, 41). Plaintiff Jeffery Littlepage has filed a response (DN 43), and Providence has filed a reply (DN 44).

### Nature of the Case

Defendant Dukes was employed as a police officer by the City of Providence (DN 1). Littlepage alleges that Dukes assaulted him and otherwise used excessive force under color of law in violation of Littlepage's constitutional rights (Id.). He has also asserted claims under state law for assault and malicious prosecution (Id.). In addition to suing Dukes in his individual capacity, Littlepage has asserted an official-capacity claim against Providence (Id.). The incidents that give rise to Littlepage's complaint occurred on May 25-26, 2016 (Id.).

Littlepage filed this action on March 24, 2017, (DN 1). On June 26, 2018, Littlepage served a request for production of documents on Providence (DN 46-2 Exhibit C).

Providence's Motion

Providence seeks a protective order regarding documents prepared by Toni Ahl in her investigation of the facts and circumstances giving rise to this lawsuit as those documents are protected by the work-product doctrine and, therefore, not discoverable (DN 40, Motion).[1] The documents are identified in a privilege log that Providence served on Littlepage (DN 41 PageID # 183 n. 12; DN 46-3 PageID # 298-301 Exhibit D).

In support of its motion, Providence has submitted the affidavit of its former Mayor, Eddie Gooch (DN 41-2 PageID # 197-98 Affidavit). Gooch indicates that on June 9, 2016, Littlepage's attorney sent a letter of representation to the City Attorney for Providence (DN 41-2 PageID # 197-98[2]; *see* DN 43-1, Exhibit 1 Letter). The letter includes a formal complaint, pursuant to KRS 15.520(3), against Dukes (DN 43-1, Exhibit 1 Letter). Gooch advises that Providence immediately retained outside legal counsel in anticipation of Littlepage litigating his claims (DN 41-2 PageID # 197-98).

Gooch indicates that on June 10, 2016, Providence suspended Dukes pending an investigation into Littlepage's complaints (DN 41-2 PageID # 198). He also reports that on June 17, 2016, Officer Dukes' attorney sent a letter of representation to the City Attorney for Providence (Id.). The letter challenged the legitimacy of Officer Dukes' suspension (Id.).

Gooch indicates that on the advice of outside legal counsel (retained to defend Providence against Littlepage's claims) and the City Attorney (handling Dukes' claims), Providence hired an outside third-party investigator named Toni Ahl (DN 41-2 PageID # 198). Gooch explains that

---

[1] It is not clear from the materials submitted by the parties which request or requests for production are the subject of Providence's motion for protective order (*see* DN 41, 43, 44, 46).

[2] Gooch's affidavit indicates the June 9, 2016 letter is attached as Exhibit 1 (DN 41-2 PageID # 197). Although Providence's filings did not include a copy of the letter (*see* DN 41 and 46), Littlepage did provide a copy with his response (DN 43-1). Therefore, the Court will cite to the copy provided by Littlepage.

Providence employed Ahl to perform an investigation "from an employer perspective regarding the factual circumstances surrounding Littlepage's asserted claims and Dukes' asserted employment claims (as threatened by his lawyer)" (Id. internal quotations omitted). According to Gooch, this was an investigation into Littlepage's complaints against Dukes which served as the basis for Providence suspending Dukes (Id.).

Gooch indicates that the investigation into Littlepage's complaints concluded on January 13, 2017 (DN 41-2 PageID # 198). The same day, Providence filed a statement of charges against Dukes (DN 46-1 Exhibit 3). Gooch advises that the hearing on those charges was scheduled for February 15, 2017 (DN 41-2 PageID # 198). Two days before the hearing, February 13, 2017, Dukes wrote a letter to Providence claiming his statutory rights to a hearing prior to his termination had been violated and he was voluntarily resigning his position (Id.). Littlepage filed this action on March 24, 2017 (DN 1).

Providence argues that it hired Ahl, an outside third-party investigator, to conduct the investigation pursuant to the advice of the City Attorney and retained outside legal counsel (DN 41 PageID # 186-87). Providence explains this advice came after attorneys representing both Dukes and Littlepage put Providence on notice of their clients' intent to make claims against Providence and potentially pursue their legal options (Id.). Providence asserts that Dukes' position and Littlepage's positions were necessarily in direct conflict with each other and the underlying facts and circumstances regarding Dukes' suspension/potential termination and Littlepage's formal complaint and threatened lawsuit were one in the same (Id. PageID # 187). Providence contends when it directed Ahl to prepare her report it had a subjective anticipation of litigation (both from Dukes and Littlepage) that was objectively reasonable given the threatened legal action by both parties (Id.). Furthermore, Providence argues it did not hire Ahl to conduct the

3

investigation for a business purpose (Id. PageID # 187-90). Providence also argues that Littlepage has no substantial need for the statements Ahl collected in her investigation because she obtained them weeks after the incidents giving rise to this lawsuit and Littlepage had the opportunity to depose all the witnesses (Id. PageID # 190).

Littlepage's Response

Littlepage begins by challenging some of the factual allegations in Providence's memorandum (DN 43 PageID # 202-03). First, Littlepage explains that his formal complaint (dated June 9, 2016) related solely to Dukes' employment and did not assert a claim of any kind against Providence, rather it requested that Dukes be fired and/or charged criminally (Id.; DN 43-1 Exhibit 1). Next, Littlepage asserts that Providence did not hire defense counsel to represent it in the Dukes matter, as Gooch's self-serving affidavit seems to intimate (Id.). Rather, alleges Littlepage, the City Attorney employed Ahl to investigate the complaint against Dukes, administratively, pursuant to KRS 15.520 (DN 43 PageID # 202-03 citing DN 43-2 Exhibit 2 Officers Bill of Rights). Littlepage contends under that statute Providence is required to conduct an investigation prior to bringing charges to remove Dukes (Id.). Littlepage asserts that defense counsel never participated in any of the administrative employment dispute on behalf of Providence or Dukes (Id.).

Littlepage contends that the Ahl report and related witness statements are not trial preparation materials in this litigation (DN 43 PageID # 204-05). In support of his position, Littlepage asserts that Gooch's deposition testimony indicates Ahl "only prepared an investigation of the facts in the administrative case" (Id. PageID # 205). Littlepage argues this shows the driving force for the preparation of Ahl's report and related witness statements was to fire Dukes in the administrative proceeding (Id. PageID # 205-06, citing Young v. Chapman, 3:14-CV-666-JHM-

4

CHL, 2016 WL 1717226, at *4 (W.D. Ky. Apr. 27, 2016) (the burden is on the party claiming protection to show that anticipated litigation was the "driving force" behind the preparation of the material). Littlepage reasons that Providence has not shown Ahl's report and related witness statements were prepared because of this litigation (Id. PageID # 205-06).

If the Court concludes Ahl's report and related witness statements are subject to work-product protection, Littlepage alternatively claims a substantial need for the material (DN 43 PageID # 206-07). Littlepage explains that he has not been able to timely interview the main witnesses, specifically those interviewed by Ahl, because they are Providence employees (Id.). He is concerned that the memories of the Providence employees may have faded by the time he began taking their depositions, almost three years after the incident (Id.).

Littlepage argues that Providence's reliance on Lindon v. Kakavand, 5:13-CV-26-DCR-REW, 2014 U.S. Dist. LEXIS 198818 (E.D. Ky. Apr. 29, 2014) is misguided because the driving force or sole purpose behind the Ahl investigation was compliance with a statutory requirement under the Officers Code of Conduct to conduct such an investigation before deciding whether to terminate Dukes (DN 43 PageID # 207-09). Littlepage asserts the Ahl investigation was not conducted because of any anticipation of this litigation (Id.).

## Providence's Reply

Providence indicates that following receipt of the June 9, 2016 letter[3] from Littlepage's attorney and a June 17, 2016 letter from Dukes' attorney, its insurance carrier immediately retained defense counsel to defend Providence against claims asserted by Littlepage (DN 44 PageID # 221-26). Providence contends Gooch's specific and detailed affidavit established that Ahl's

---

[3] Providence points out that the second page of the June 9, 2016 letter stated, "I anticipate supplementing this complaint in the near future with additional information as well as possible other complaints . . ." (DN 44 PageID # 222-23).

investigation was initiated on the advice of both defense counsel and the City Attorney after Providence received these letters because of the prospect of litigation against Providence stemming from their complaints (Id.). Providence contends that it has satisfied its burden of showing Ahl's report was the product of a subjective anticipation of litigation that was objectively reasonable (Id.). Providence explains that the primary objective of Ahl's investigation was to provide defense counsel and the City attorney with information regarding the factual circumstances surrounding Littlepage's complaints, not for administrative purposes under KRS 15.520(3) as asserted by Littlepage (Id.). Providence also points out that the work-product doctrine applies to documents produced in anticipation of other litigation (Id. citing Albritton v. CVS Caremark Corp., No. 5:13-CV-218-TBR-LLK, 2015 U.S. Dist. LEXIS 152236, at *11 (W.D. Ky. Nov. 10, 2015) (citation omitted)).[4]

Providence contends that Littlepage has not demonstrated substantial need for Ahl's investigative report and the statements taken in connection therewith because the information is available to Littlepage through deposition (DN 44 PageID # 226-27). Providence points out, in contrast to the facts in Merriweather v. UPS, No. 3:17-CV-349-CRS-LLK, 2018 U.S. Dist. LEXIS 124383 (W.D. Ky. July 25, 2018), these interviews by Ahl were not conducted on the same day as the incident (Id.). Providence explains it has disclosed to Littlepage the names of the individuals Ahl interviewed as well as the names of individuals likely to have information relevant to this matter (Id.). Providence asserts that Littlepage can conduct his own discovery involving these individuals and he has failed to show that he could not obtain the substantial equivalent through other means (Id.).

---

[4] Providence also points out that the Sixth Circuit has explained "documents do not lose their work product privilege merely because [they were] created in order to assist with a business decision, unless the documents would have been created in essentially similar form irrespective of the litigation" (Id. PageID # 222, citing United States v. Roxworthy, 457 F.3d 590, 598-99 (6th Cir. 2006) (internal quotations omitted)).

6

Discussion

Fed. R. Civ. P. 26(c) affords the Court the discretion to limit the scope of discovery under certain circumstances. *See* Levitin v. Nationwide Mut. Ins. Co., No. 2:12-CV-34, 2012 U.S. Dist. LEXIS 177738, at *3 (S.D. Ohio Dec. 14, 2012). Specifically, the Court may issue a protective order "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" to prevent "annoyance, embarrassment, oppression, or undue burden or expense" where the movant has established "good cause" for such an order. Fed. R. Civ. P. 26(c)(1)(A) and (D); Levitin, 2012 U.S. Dist. LEXIS 177738, at *3; Nix v. Sword, 11 F. App'x 498, 500 (6th Cir. 2001). "To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." Nix, 11 F. App'x at 500 (internal quotation marks and citation omitted).

Federal law applies to the question whether something is entitled to receive a qualified protection from discovery because it is work-product. Fed.R.Civ.P. 26(b)(3); In Re Perrigo Company, 128 F.3d 430, 437 (6th Cir. 1997); Toledo Edison Co. v. G.A. Technologies, Inc., 847 F.2d 335, 338-340 (6th Cir. 1988). The protection afforded work product is not a privilege as the term is used in the Federal Rules of Civil Procedure or the law of evidence. Hickman v. Taylor, 329 U.S. 495, 509-510 & n. 9 (1947). Instead, work product provides a qualified protection from discovery because work product materials, except for that which reveals an attorney's mental impressions and opinions, may be ordered produced if an adverse party demonstrates "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3); In re Perrigo Co., 128 F.3d 430, 437 (6th Cir. 1997); Toledo Edison Co. v. G.A. Tech., Inc., 847 F.2d 335, 338-41 (6th Cir. 1988).

To determine whether a document has been prepared "in anticipation of litigation," and is thus protected work product, the Court must ask two questions: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable. United States v. Roxworthy, 457 F.3d 590, 594 (6th Cir. 2006). Documents prepared in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes are not considered prepared in anticipation, and as a result are not subject to the work product protection. Solis v. Food's Employers Labor Relations Assoc., 644 F.3d 221, 232 (4th Cir. 2011) (citation omitted). However, if a document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection. Roxworthy, 457 F.3d at 598–99. Thus, the party claiming the document is subject to protection must show that anticipated litigation was the "driving force behind the preparation of each requested document." Id. at 595 (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir.1992)). The party claiming the protection bears the burden of demonstrating the work product protection applies. Solis, 644 F.3d at 232 (citation omitted).

The Court concludes that Providence has demonstrated the materials at issue were prepared "because of" its subjective anticipation of litigation arising out of the incident that occurred on May 25-26, 2016. *See* Roxworthy, 457 F.3d at 594. Further, Providence's subjective anticipation of litigation was objectively reasonable considering the circumstances that existed when Providence followed the advice of its counsel and hired Ahl to perform an investigation regarding the factual circumstances surrounding the incident involving Dukes and Littlepage. *See* Id.

Providence satisfied its burden of showing anticipation of litigation by submitting Gooch's affidavit which is based on his personal knowledge. *See* Id. at 597 (a party may satisfy its burden

8

of showing anticipation of litigation through affidavits made on personal knowledge, depositions, or answers to interrogatories). Littlepage's bare assertions, in response to Gooch's affidavit, are insufficient to overcome that proof. *See* Id. (a showing can be opposed or controverted through affidavits made on personal knowledge, depositions, or answers to interrogatories). Further, contrary to Littlepage's assertion, the June 9, 2016 letter from his counsel (DN 43-1) substantiates what is set forth in Gooch's affidavit. While the letter did not expressly threaten to sue Providence, the allegations made against Dukes raised two distinct issues that Providence and its retained counsel would have analyzed from the stand point of municipal liability. Specifically, whether Littlepage's harm was caused by a constitutional violation; and, if so, whether Providence, as Dukes' employer, was responsible for that violation. *See*, Collins v. City of Harker Heights, Texas, 503 U.S. 115, 120 (1992). Additionally, while Ahl's investigation may have proved helpful in addressing Littlepage's complaint, pursuant to KRS 15.520(3), the evidence strikes a fatal blow to Littlepage's general assertion that Providence has not shown the anticipated litigation by Littlepage was the "driving force" behind the decision to hire Ahl to perform an investigation. *See* Roxworthy, 457 F.3d at 595; Young, 2016 WL 1717226, at *4.

Having concluded that Ahl's report and related witness statements are work-product, the focus now shifts to Littlepage's alternative argument. Specifically, he claims a substantial need for this material. Providence is silent concerning Littlepage's assertion that the material does not reveal an attorney's mental impressions or opinions. Thus, the Court must assess whether Littlepage has demonstrated "substantial need" for this material to prepare his case and he "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3).

9

Littlepage's reliance on Merriweather v. United Parcel Service, Inc., is misplaced because the circumstances here are factually distinguishable from the two eye-witness statements UPS took on the day of the accident while Merriweather was in the hospital. No. 3:17-CV-349-CRS-LLK, 2018 WL 3572527, at * 13 (W.D. Ky. July 25, 2018). Certainly, statements taken shortly after an incident are more acute and unique because they provide an immediate impression of the facts. *See* Id. Here, however, the statements were not taken on the day of the incident, May 25-26, 2016. The privilege log indicates Ahl took the statements several months later, October 18, 2016 through December 6, 2016 (DN 4-3). Thus, the circumstances here are more like the statement that UPS's insurance adjuster took from co-defendant Lee nearly three months after the accident. Id. In that instance the court concluded Merriweather had not demonstrated a substantial need for the statement, especially because he still had the opportunity to depose defendant Lee. Id. Here, Littlepage has not demonstrated a substantial need for these statements, especially since he still can depose the witnesses.

Given that Providence has demonstrated Ahl's report and related witness statements are work-product and Littlepage has not demonstrated a substantial need for the witness statements, the Court concludes that Providence has established "good cause" for the issuance of a protective order under Fed. R. Civ. P. 26(c).

Order

**IT IS HEREBY ORDERED** that the motion for a protective order filed by Defendant City of Providence, Kentucky (DN 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant City of Providence, Kentucky, is not required to produce Toni Ahl's report and related witness statements, identified in the privilege log at DN 46-3, in response to Plaintiff's discovery requests.

Copies: Counsel